## 21566. CHAIRS v. THE STATE.

BROYLES, C. J. 1. "It is well settled that while it is not incumbent upon the judge, in the absence of a timely and appropriate written request, to charge upon the subject of the impeachment of witnesses, yet where that subject is referred to in the charge, all of it that is material and applicable to the facts of the case should be given." *Williams* v. *State,* 25 *Ga. App.* 193 (102 S. E. 875), and cit.

2. Under the facts of the instant case the court erred in instructing the jury that a witness may be impeached by proof of contradictory statements, and also erred in failing to charge that a witness may be impeached by disproving the facts testified to by him, or by proof of his general bad character.

3. There is no merit in special ground 1 of the motion for a new trial, in which it is complained that "the court did not purge the jury as to relationship of" certain county commissioners named "who employed the prosecutor in movant's case as a special under-cover agent acting under them," and for whose services they agreed to pay him "in accordance with the results produced."

4. The refusal to grant a new trial was error.

*Judgment reversed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED JULY 15, 1931.

*James A. Dixon,* for plaintiff in error.
*L. P. Strickland, solicitor,* contra.